Eric S. Rossman, ISB #4573
Erica S. Phillips, ISB #6009
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424

GILES & THOMPSON LAW, P.L.L.C.
Chip Giles, ISB # 9135
350 N. 9TH Street, Ste. 500
Boise, ID 83702
Telephone: (208) 342-7880
Facsimile: (208) 947-2424
*chip@gtidaholaw.com*

Attorneys for Plaintiff, Victorino Meraz

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICTORINO MERAZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HANSEN RICE, INC.,<br><br>　　　　　Defendant. | Case No. 1:17-cv-271<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　　COMES NOW, Victorino Meraz, the above-named Plaintiff, and for cause of action against the Defendant, Hansen-Rice, Inc., setting forth allegations that are governed by the Civil Rights Act of 1964 and the Idaho Human Rights Act.

　　　　　Plaintiff COMPLAINS AND ALLEGES as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## PARTIES

1. Plaintiff, Victorino Meraz ("Mr. Meraz") at all times herein mentioned was a resident of Canyon County, Idaho. Meraz currently resides in Cheyenne, Wyoming.

2. Defendant, Hansen-Rice, Inc. ("Hansen-Rice"), at all times herein mentioned has been, and presently is, an Idaho corporation with its headquarters in Nampa, Idaho

## JURISDICTION, VENUE AND NOTICE

3. The unlawful and wrongful conduct alleged in this Complaint occurred in Canyon County, State of Idaho.

4. This Honorable Court has original jurisdiction over the Plaintiff's Federal Claims under 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the Plaintiff's claims under the laws of the State of Idaho.

5. Venue in the United States Court for the District of Idaho is appropriate under 28 U.S.C. § 1391 (b) and (c).

6. Regarding Notice, Mr. Meraz filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 9, 2016. The EEOC transferred the charge to the Idaho Human Rights Commission ("IHRC") at some point in either August or September 2016. The IHRC notified Mr. Meraz of receipt of the transferred charge on September 2, 2016. On September 7, 2016, the IHRC served Defendant Hansen-Rice, Inc. ("Hansen-Rice") with the Charge of Discrimination. The IHRC issued Mr. Meraz a Right to Sue on March 31, 2017.

## STATEMENT OF FACTS

7. Mr. Meraz began working for Hansen-Rice on or about July 13, 1997 as a general laborer.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

8. Mr. Meraz was quickly promoted to the position of Superintendent.

9. As Superintendent, Mr. Meraz managed projects on behalf of Hansen-Rice and contracted with Hansen-Rice to receive bonuses calculated on the under-budget completion of projects assigned to Meraz.

10. Mr. Meraz' wife, Sarah Meraz, ("Ms. Meraz") filed a charge of discrimination for sexual harassment and gender discrimination against Hansen-Rice in December 2015.

11. Mr. Meraz participated in the investigation phase of Ms. Sarah Meraz' charge of discrimination, which included allegations of sexual harassment, gender, and racial discrimination.

12. Mr. Meraz' participation included providing a statement in support of Ms. Meraz' charge of discrimination.

13. After the EEOC mediation of Ms. Meraz' claims were unsuccessful Mr. Meraz was contacted by an attorney for Hansen-Rice. The attorney met with Mr. Meraz, and requested that he amend the statement he provided in support of his wife's charge of discrimination, Mr. Meraz refused to do so.

14. Thereafter, Hansen-Rice began to exclude Mr. Meraz from activities in which he previously participated, including budget meetings and other planning discussions.

15. Supervisors that Mr. Meraz regularly communicated and associated with at work began to ignore Mr. Meraz, and refused to acknowledge him or speak with him.

16. After Ms. Meraz' filed the charge of discrimination, Mr. Meraz was consistently assigned to smaller projects. Additionally, lesser experienced and lesser qualified employees were granted larger jobs with higher bonus incentives, which before Ms. Meraz' filing of

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

her Charge of Discrimination and Mr. Meraz' support of the allegations, were typically awarded to Meraz.

17. Mr. Meraz has documented receipt of bonuses dating back to 2010 paid pursuant to contract for his management of completed under-budget projects.

18. Mr. Meraz did not receive bonuses from the filing of Ms. Meraz' charge in December 2015 until his departure from Hansen-Rice on June 27, 2016.

19. As a result of Hansen-Rice's actions Mr. Meraz was constructively Discharged from Hansen-Rice, his employer of 21 years, on June 27, 2016.

## COUNT ONE

### *Violation of the Idaho Wage Claim Act against Hansen-Rice*

20. Mr. Meraz hereby realleges the allegations contained in Paragraphs 1 through 19 as set forth above, and incorporates the same herein by reference.

21. At all times herein mentioned, Hansen-Rice was and now is an employer within the meaning of the Idaho Wage Claims Act, Idaho Code § 45-601.

22. At all times herein mentioned prior and until June 27, 2016, Mr. Meraz was employed by Hansen-Rice Group and was an employee within the meaning of the Idaho Wage Claims Act, Idaho Code § 45-601.

23. The salary agreed to by contract between Mr. Meraz and Hansen-Rice falls within the definition of "wages" as found in the Idaho Wage Claims Act, Idaho Code § 45-601.

24. The bonus structure calculated as a percentage of savings from completion of under-budget projects agreed to by contract between Mr. Meraz and Hansen-Rice falls within the definition of "wages" as found in the Idaho Wage Claims Act, Idaho Code § 45-601.

25. Hansen-Rice's denial of Mr. Meraz' bonuses constitutes a violation of the Idaho Wage Claims Act, Idaho Code § 45-601, *et. seq.*

26. As a direct result of Hansen-Rice's wrongful conduct, Mr. Meraz is entitled to recover his wages in the form of bonuses, due and owing, and treble damages as provided by the Idaho Wage Claims Act, Idaho Code § 45-615.

27. Mr. Meraz is further entitled to recover his costs and attorney fees incurred in prosecuting this action pursuant to Idaho Code §§§12-120(3), 12-121 and 45-615.

28. Mr. Meraz hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT TWO

*Retaliatory Discrimination of Employment in Violation of Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act*

29. Mr. Meraz hereby realleges the allegations contained in Paragraphs 1 through 28 as set forth above, and incorporates the same herein by reference.

30. Mr. Meraz assisted with the investigation of Ms. Meraz' charge of discrimination against Hansen-Rice, and further supported the allegation set forth in Ms. Meraz' charge of discrimination.

31. In response to Mr. Meraz' actions of participating in the investigation, and supporting Ms. Meraz' allegations, Hansen-Rice began to treat Mr. Meraz more harshly, denied him projects that would typically be awarded to him, and denied him bonuses as agreed to by contract.

32. Hansen-Rice's actions led to Mr. Meraz' constructive discharge on June 27, 2016.

33. The action of terminating Mr. Meraz' employment in response to assistance of

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

the investigation of a charge of discrimination, and supporting a claimant during the investigation of a charge of discrimination is a violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.* and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, which prohibits retaliation for the reporting of sexual harassment, or assisting with the investigation of a charge of sexual harassment.

34. As a result of Hansen-Rice's violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, Mr. Meraz is entitled to compensatory damages including, but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

35. Mr. Meraz is entitled to recover his attorney's fees and costs incurred in pursuing this matter pursuant to 42 U.S.C. § 2000e-5(k) and Idaho Code §§ 12-120 and 12-121.

36. Mr. Meraz is further entitled to recover his costs and attorney fees incurred in prosecuting this action pursuant to Idaho Code §§ 12-120(3) and 12-121.

37. Mr. Meraz hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to 42 U.S.C. § 1981a and Idaho Code § 6-1604.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Meraz prays for Judgment, Order and Decree of this Court as follows:

1. For judgment of the court awarding Meraz damages in excess of $75,000, incurred as a result of The Hansen-Rice's violation of the Idaho Wage Claim Act, Retaliatory Discharge of Employment in Violation of Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act.

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

2. For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104.

3. For Mr. Meraz' reasonable attorney fees and costs incurred in prosecuting this action, pursuant to Idaho Code § 45-615 and 42 U.S.C. § 2000e-5(k).

4. For such other and further relief as court deems just and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

DATED this 27th day of June, 2017.

ROSSMAN LAW GROUP, PLLC

By _____

Eric Rossman
Attorneys for Plaintiff